**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

RYAN CLANCY,

        Plaintiff,

v.                                                                                 Case No. 05-C-580

OFFICE OF FOREIGN ASSETS CONTROL
OF THE UNITED STATES DEPARTMENT
OF THE TREASURY; JOHN W. SNOW,
Secretary of the United States Department of the
Treasury, in his official capacity;
ROBERT W. WERNER, Director of the Office of
Foreign Assets Control, in his official
capacity; and ALBERTO R. GONZALES,
Attorney General of the United States
Department of Justice, in his official capacity,

        Defendants.

## DECISION AND ORDER

This action for declaratory and injunctive relief arises out of a monetary penalty imposed on the plaintiff, Ryan Clancy ("Clancy"), because he traveled to Iraq between January 28, 2003, through early March 2003, to serve as a "human shield" in violation of the Iraqi Sanctions Regulations, 31 C.F.R. Part 575 ("the Regulations"). Clancy names as defendants, the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury ("Treasury"); John W. Snow ("Snow"), Secretary of the Treasury, in his official capacity; Robert W. Werner ("Werner"), Director of the OFAC, in his official

capacity; and, Alberto R. Gonzales ("Gonzales"), Attorney General of the United States Department of Justice ("Justice"), in his official capacity (collectively "the Defendants").

Clancy's complaint alleges that the OFAC deprived him of property without due process of law in violation of the Fifth Amendment (First Cause of Action); the Regulations violate his right not to incriminate himself in violation of the Fifth Amendment (Second Cause of Action); the Regulations violate the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. ("APA") (Third Cause of Action); the Regulations violate his Fifth Amendment right to travel abroad (Fourth Cause of Action); the Regulations violate his First Amendment right to freedom of speech (Fifth Cause of Action); the Regulations violate his right under Article 12 of the International Covenant on Civil and Political Rights, December 16, 1966, 999 U.N.T.S. 171 ("ICCPR"), to travel to foreign countries (Sixth Cause of Action); and the OFAC's finding that Clancy violated Section 575.205 of the Regulations must be reversed (Seventh Cause of Action); and, to the extent the Regulations do not exceed the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq.*, the IEEPA is an unlawful delegation of legislative authority to the executive branch, in violation of the separation of powers doctrine (Eighth Cause of Action).

The Defendants filed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In the alternative, the Defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their motion, the Defendants filed the administrative record of the OFAC proceedings against Clancy and a statement of material facts.

In Clancy's opposition brief, Clancy asserts that the Defendants' motion is a motion to dismiss because it is too early in the proceedings and the Defendants' motion does not rely on any evidence outside the record before the Court. Clancy has not filed a response to the Defendants' statement of material facts. *See* Civil L.R. 56.2(b)(E.D. Wis.).

In reply, the Defendants state that this Court has the authority to treat their motion as a motion to dismiss or for summary judgment, and that Clancy is on notice that the Court has been asked to grant summary judgment. The Defendants suggest that the Court may dispose of the pending motion without further ado, relying primarily upon *Karpova v. Snow*, 402 F.Supp. 2d 459, 465 (S.D.N.Y. 2005).

*Karpova*, addressed and rejected some similar challenges to the Regulations and to the imposition of a monetary penalty by the OFAC. And, *Karpova*, 402 F.Supp. 2d at 462, was in a similar procedural posture, with the district court being presented with a motion to dismiss the complaint or, in the alternative, for summary judgment. The *Karpova* court, relying upon *Gurary v. Winehouse*, 190 F.3d 37, 43 (2nd Cir. 1999), held that because Snow brought the motion in the alternative, Karpova had always been on notice that the Court had been asked to grant summary judgment and, therefore, no issue of motion conversion or notice was presented. *Karpova*, 402 F.Supp. 2d at 465.

The Defendants' citations in support of their contention that the Court may dispose of the pending motion without further notice also include an unpublished table decision in *Dunne v. Henman*, 966 F.2d 1456, 1992 WL 139346, *1 (7th Cir. 1992) and *Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 684 (7th Cir. 1994). Neither case is

3

persuasive. *Fleischfresser*, in particular, determined that the district court should have given notice but because there was no actual surprise, the lack of notice was not reversible error. *Id*.

Rule 12(b) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof. *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (citing *Fleischfresser*, 15 F.3d at 684.) "This requirement of a reasonable opportunity to respond is mandatory, not discretionary." *Loeb Indus., Inc.*, 306 F.3d at 479. The responsibility to give notice rests with the Court.

Having reviewed the briefs of the parties, the Court concludes that it cannot adjudicate the pending motion without considering the statement of material facts and the administrative record submitted by the Defendants. Although some claims, for example, Clancy's ICCPR claim, may be resolved without resort to matters outside the pleadings, Clancy's APA claims involve consideration of the administrative record. Additionally, in the briefing of a claim, one party may be relying on the allegations of the complaint, but the other may be relying on a fact established by the administrative record. (*Compare* Pl.'s Br. Opp'n Defs.' Mot. Dismiss, Alternative, Summ. J 10-14; Defs.' Reply Defs.' Mot. Dismiss, Alternative, Summ J. 25-29.) The issues related to Clancy's eight causes of action cannot be neatly catagorized by those which may be decided solely on the complaint and those which include consideration of a least one fact outside the pleadings. *See Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003)(finding that the district court

4

abused its discretion by failing to give notice under Rule 12(b) that it was converting the proceeding to a Rule 56 proceeding, but that the error was harmless because the Holy Land Foundation was not prejudiced), *cert denied*, 540 U.S. 1218 (2004).

Thus, under the circumstances, the Court gives notice that it will consider the Defendants' motion as a motion for summary judgment. Fed. R. Civ. P. 12(b). The Court will allow the parties "a reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b). Clancy may supplement his submissions by presenting all material made pertinent to such motion by Rule 56." *See* Fed. R. Civ. P. 12(b). The Defendants may then also supplement their submissions in the same manner.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure **will be treated as a motion for summary judgment**.

**No later than September 27, 2006**, Clancy may supplement his submissions by presenting all material made pertinent to such motion by Rule 56.

**No later than October 27, 2006**, the Defendants may supplement their submissions all material made pertinent to such motion by Rule 56.

Dated at Milwaukee, Wisconsin this 24th day of August, 2006.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**